IN THE SUPERIOR COURT
OF GUAM

NADIA LYNN SALAS,

                Petitioner,

    vs.

GUAM CIVIL SERVICE COMMISION,

                Respondent,

    And

DEPARTMENT OF CORRECTIONS,

                Real Party in Interest.

Special Proceedings Case no. SP0055-12

**DECISION & ORDER**
re: Motion for Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 3, 2012 the Petitioner's motion for summary judgment. The Petitioner is represented by Attorney Terrence E. Timblin. The Respondent is represented by Attorney Sophia Santos Diaz. The Real party in interest is represented by Donna E. Lawrence. After considering the matters presented, the Court affirms the Civil Service Commission's judgment finding that Petitioner Salas was not a permanent classified employee at the time of termination and as such is not entitled to appeal the personnel action. Accordingly, the Court hereby issues the following decision and order denying Petitioner's motion for summary judgment and finds in favor of Real Party in Interest. The Court affirms the decision of the Civil Service Commission.

## BACKGROUND

The instant claim arises out of a termination of employment. Petitioner was hired as a Correctional Officer I by Department of Correction ("DOC") on June 21, 2010. As a classified

position, Petitioner was subject to a probationary period, which can be between three and twelve months pursuant to 4 G.C.A. §4106. On December 15, 2010, DOC extended Salas's probationary period for an additional six months till June 15, 2011, citing her performance to be marginal. Four days later, Petitioner was granted a pay raise, pursuant to P.L. 30-196, from $11.52/hr to $12.86/hr. On May 10, 2011, Salas was terminated from her employment.

On May 13, 2011, Petitioner filed a timely appeal with the Civil Service Commission ("CSC"). Both parties submitted their arguments and oppositions to the CSC. On April 3, 2012, the CSC issued a written decision and judgment holding it lacked subject matter jurisdiction because Petitioner was a not a permanent classified employee.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores,* 2004 Guam 25 ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation,* 2000 Guam 27 ¶7. Consequently, the

court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶7; *Iizuda*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3 ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in her answer, but must produce at least some significant probative evidence tending to support the allegations contained in her answer. *Id.* at ¶ 7 (citing, *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2502, 2510 (1986)). If the non-moving party "fails to make a showing sufficient to establish the existence of an element necessary to that party's case, and on which the party will bear the burden of proof at trial," Guam Rules Civil Procedure Rule 56(c) requires entry of summary judgment. Under those circumstances, "there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element renders all their facts immaterial." *Kim v. Hong*, 1997 Guam 11, ¶ 8 (citation omitted).

Petitioners move for summary judgment on the grounds that Respondent and Real Party in Interest have not provided any information to contradict Petitioners allegations before the

CSC. DOC admitted to most of Plaintiffs allegations in the Petition. Although DOC denies Paragraph 7, 9, 10, and 11, there is a dispute over the interpretation of the facts, not the statement of facts. Thus, there are no genuine issues of material fact which exist. Respondents must produce significant probative evidence supporting the allegations in the answer to overcome Plaintiffs motion for summary judgment. Although the Respondents or Real Parties in Interest did not file a motion for summary judgment, the Court will treat Respondent's opposition as a cross-motion for summary judgment and base its ruling on the arguments presented in the opposition.

The main question before the Court is whether or not Petitioner was a permanent classified employee at the time of termination. The CSC held in its decision and judgment that Petitioner was not a permanent classified employee. Petitioner appeals the CSC decision and submits to this Court that the pay raise received on December 19 qualified her as a permanent classified employee. Petitioner argues the award of pay raise is limited to classified employees. The notification of personnel action initiating the pay raise states as follows:

> "It is the intent of the *I Lihenlaturan Guahan* to not include position(s) such as unclassified personnel, limited term appointees or any personnel under non-permanent status, as part of the Government-wide pay adjustment authorized herein, and to disallow the use of the funds appropriated in Subsection (b) of this Section for such use."

Since Petitioner received a pay raise on December 19, 2011, Petitioners contend that she was a permanent classified employee at the time because only permanent classified employees received the pay raise. The Court disagrees. The pay raise was made pursuant to P.L. 30-196, which the language of the statute specifically states the pay raise is applied to all personnel *positions*, not employees. Petitioner was hired for a permanent classified position, and therefore got the pay raise which was applied to all permanent classified positions. Furthermore, Petitioner knew she was still on probation at the time because she had notice her probationary

period was extended to June 11, 2011. Pursuant to 4 G.C.A. §4106, there is limited protection for employees during the probationary period. Accordingly, the Court affirms the decision and judgment issued by the CSC.

Alternatively, Petitioners further argue DOC allegedly violated the procedure set out in 2 GU ADC §10.004 and §10.005 which states

> **10.004 Appointing Authority's Responsibility for Performance Evaluations:** The appointing authority shall be responsible for the effective implementation and administration of the performance evaluation system within his respective department or agency. He shall approve all performance ratings made within his department or agency, and shall insure that supervisory personnel receive adequate training in the performance evaluation system. He shall insure that performance evaluations and reports are completed and submitted on a timely basis.

> **10.005 Supervisor's Responsibility for Performance Evaluations:** The performance standards shall be developed and the performance rating shall be completed by the supervisor immediately responsible for the employee's work with input from the employee. The rater should be the individual who oversees, reviews and checks the daily work performance of the employee being rated, or is the supervisor who is most closely acquainted with the employee's daily work performance. The supervisor shall also be responsible for the timely preparation and submission of performance reports for all employees under his supervision. *The employee's supervisor must have supervised the employee for at least 90 days to render a fair evaluation.*

Petitioner argues the Superior Court has held noncompliance voids a purported extension of a probationary period *See Jesus K. Paulino v. Civil Service Commission & Guam Customs & Quarantine Agency*. The Court finds this case to be distinguishable from *Paulino v. CSC & Guam Customs & Quarantine Agency,* where no notice was given to the Petitioner, because in the instant case notice was issued to the Petitioner on December 15, 2011. Real Party in Interest argues the performance evaluation stating Petitioner's performance was "marginal" is sufficient notice given a reasonable time before expiration of the probationary period. Although the Court notes the performance evaluation was not done by Petitioner's immediate supervisor, the Court

finds sufficient notice was given to satisfy the requirements of the statute.

Under 4 G.C.A. §4106, a probationary employee can be dismissed at any time without right of appeal and without being given reasons or charges in writing. Petitioner was still on probationary status, when she was properly dismissed from employment and at no time became a permanent classified employee in her position as a Corrections Officer I. As such, Petitioner has no right of appeal to the CSC. Thus, the Court affirms the CSC's decision and denies Petitioners motion for summary judgment ruling in favor of the Real Party in Interest DOC.

## CONCLUSION

Based on the foregoing, the Court DENIES Petitioners motion for summary judgment. The Court holds that Petitioner was a probationary employee and subject to dismissal without cause. The Court therefore affirms the decision of the Civil Service Commission.

SO ORDERED, this _30_ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a, for
true and correct copy of the original on file in
the Office of the clerk of the Superior Court o
Guam.
Dated at Hagåtña, Guam

JAN 3 0 2013

_____
Glenn J. Mendiola
Deputy Clerk, Superior Court of Guam